UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ROBERT HILLARD, ALISA SPANN, CONNIE SPANN,
DERRICK SPANN, JAZMIN TORRES

                                                           Plaintiffs,

-against-

THE CITY OF NEW YORK, SGT. AFZAL ALI, SHIELD # 3872; DET. PEDRO ABREU, SHIELD # 577; DET. FRANK SARRICA, SHIELD # 2255; DET. FELIX ORTIZ, SHIELD 6128; DET. THOMAS LODICO, SHIELD # 455; DET. SEAN FINNEGAN, SHIELD # 6562; DET. JON GLADSTONE, SHIELD 5165; DET. THOMAS WRIGHT, SHIELD # 565; and P.O. MUSKIN, the individual defendants sued individually and in their official capacities,
                                                           Defendants.

**FIRST AMENDED COMPLAINT**

15-cv-1011-NGG-VVP

ECF Case

Jury Trial Demanded

------------------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. §§ 1983; and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York. The claims arise from an incident, which occurred on or about June 12, 2014. During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiffs to, among other things, false arrest, unreasonable force, unlawful search and seizure, assault and battery, failure to intervene, implementation and continuation of an unlawful municipal policy, practice, and custom, and respondeat superior liability. Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983, and the Fourth, Fifth,

Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. Plaintiffs' notices of claim were duly filed on defendant City of New York within 90 days of the incidents at issue, and more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiffs' claim. Moreover, this action has been filed within one year and 90 days of the incident. Plaintiffs have satisfied all conditions precedent for the filing of this action.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County.

5. In addition, City of New York is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

6. Plaintiff ROBERT HILLARD is a resident of the State of New York, Kings County.

7. Plaintiff ALISA SPANN is a resident of the State of New York, Kings County.

8. Plaintiff CONNIE SPANN is a resident of the State of New York, Kings County.

9. Plaintiff DERRICK SPANN is a resident of the State of New York, Kings County.

10. Plaintiff JAZMIN TORRES is a resident of the State of New York, Kings County.

11. Defendant CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

12. Defendants Sgt. Afzal Ali, Shield # 3872; Det. Pedro Abreu, Shield # 577; Det. Frank Sarrica, Shield # 2255; Det. Felix Ortiz, Shield 6128; Det. Thomas Lodico, Shield # 455; Det. Sean Finnegan, Shield # 6562; Det. Jon Gladstone, Shield 5165; Det. Thomas Wright, Shield # 565; and P.O. Muskin are New York City Police Officers, employed with the NBBN Command and/or the 73rd Precinct, located in Brooklyn, New York who violated plaintiffs' rights as described herein.

13. The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

14. On or about June 12, 2014, at approximately 07:15 p.m., inside 1400 East New York Avenue, Apartment 5E, Brooklyn, New York, police officers from the NBBN Command and/or the 73rd Precinct at times acting in concert and at times acting independently, defendants Sgt. Afzal Ali, Shield # 3872; Det. Pedro Abreu, Shield # 577; Det. Frank Sarrica, Shield # 2255; Det. Felix Ortiz, Shield 6128; Det. Thomas Lodico, Shield # 455; Det. Sean Finnegan, Shield # 6562; Det. Jon Gladstone, Shield 5165; Det. Thomas Wright, Shield # 565; and P.O. Muskin committed the following illegal acts against the plaintiffs.

15. On or about June 12, 2014, at approximately 07:15 p.m., inside 1400 East New York Avenue, Apartment 5E, Brooklyn, New York, the police, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime unlawfully entered the apartment.

16. The police broke into the apartment.

17. If the police had a search warrant, it was issued upon the basis of extremely unreliable information, the unreliability of which was withheld from the issuing magistrate.

18. If the defendant officers had a search warrant they obtained it by failing to properly supervise and verify the reliability of an informant(s) against NYPD policy and procedures.

19. Plaintiffs were inside the apartment, along with plaintiff Connie Spann's minor daughter, socializing. There was a disturbance at the door. Plaintiff Alisa Spann went to investigate, and as she was looking through the peephole, she was struck by the door when the police kicked it open.

20. The police had their firearms drawn.

21. Without reasonable suspicion or probable cause that plaintiffs Robert Hillard, Alisa Spann, Connie Spann, Derrick Spann and Jasmine Torres had committed a crime, police officers unlawfully arrested the plaintiffs.

22. During the arrest of plaintiff Robert Hillard, police officers grabbed him, forced his arms behind his back, and handcuffed him.

23. During the arrest of plaintiff Alisa Spann, the police maliciously, gratuitously, and unnecessarily threw her to the ground, forced her arms behind her back, and placed excessively tight handcuffs on her wrists.

24. During the arrest of plaintiff Connie Spann, police officers grabbed her, forced her arms behind her back, and hand-cuffed her.

25. During the arrest of plaintiff Derrick Spann, the police maliciously, gratuitously, and unnecessarily twisted his arms behind his back, kneed him in the back, and placed excessively tight handcuffs on his wrists.

26. During the arrest of plaintiff Jazmin Torres, police officers grabbed her, forced her arms behind her back, and placed excessively tight handcuffs on her wrists.

27. At times the police cursed at and used profanity towards plaintiffs.

28. The police searched the entire apartment, ransacking it and purposely damaging plaintiffs' personal property and fixtures.

29. The police transported plaintiffs to the 73rd Precinct for arrest processing.

30. Thereafter, plaintiffs were removed to Brooklyn Central Booking, where they were subjected to depraved, filthy, and inhumane conditions of confinement before being arraigned.

31. While plaintiffs were incarcerated at the 73rd Precinct and Central Booking awaiting arraignment, the defendants pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiffs had committed a crime, and based on the officer's false allegations, the District Attorney's Office decided to prosecute plaintiff Robert Hillard in Kings County Criminal Court under docket number 2014KN044392, plaintiff Alisa Spann under docket number 2014KN044393, plaintiff Connie Spann under docket number 2014KN044391, plaintiff Derrick Spann under docket number 2014KN044394, and plaintiff Jazmin Torres under docket number 2014KN044381.

32. After being incarcerated overnight, plaintiffs were arraigned and released on their own recognizance.

33. The cases for plaintiffs Richard Hillard and Connie Spann were adjourned in contemplation of dismissal on July 16, 2014 to be dismissed six (6) months from that date.

34. The case for plaintiff Derrick Spann was adjourned in contemplation of dismissal on December 16, 2014 to be dismissed six (6) months from that date.

35. The case for plaintiff Alisa Spann was adjourned in contemplation of dismissal on December 9, 2014 to be dismissed six (6) months from that date.

36. The case for plaintiff Jazmin Torres was adjourned in contemplation of dismissal on July 16, 2014 to be dismissed six (6) months from that date.

37. The aforesaid events were not an isolated incident. Defendant City of New York had been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, search arrestees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location. Defendant City of New York was further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant City of New York failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

38. Moreover, defendant City of New York was aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, defendant City of New York had retained these officers, and failed to adequately train and supervise them.

39. The individual defendants acted in concert committing the above described illegal acts toward plaintiffs.

40. Plaintiffs did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

41. At no time prior to, during or after the above incidents were the individual

defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiffs had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

42. The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights.

43. As a result of defendants' actions plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

44.  Plaintiffs are entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiffs' rights.

## FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

45. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

46. Defendants unlawfully stopped and searched plaintiffs without cause or consent.

47. Accordingly, defendants are liable to plaintiffs for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

48. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

49. Defendants unlawfully seized and searched plaintiffs without cause or consent.

50. Accordingly, defendants are liable to plaintiffs for unlawful search and seizure under New York State law.

## THIRD CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

51. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein

52. Defendants falsely arrested plaintiffs without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

53. Accordingly, defendants are liable to plaintiffs for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

54. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

55. Defendants falsely arrested plaintiffs without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

56. Accordingly, defendants are liable to plaintiffs for false arrest under New

York State law.

## FIFTH CLAIM

## (UNREASONABLE FORCE)

57. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

58. The individual defendants' use of force upon plaintiffs was objectively unreasonable.

59. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiffs.

60. Those defendants who did not touch plaintiffs, witnessed these acts, but failed to intervene and protect plaintiffs from this conduct.

61. Accordingly, the defendants are liable to plaintiffs for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SIXTH CLAIM

## (ASSAULT)

62. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

63. Among other things as described above, defendants' search and seizure, battery, false arrest, and unreasonable use of force against plaintiffs placed them in fear of imminent harmful and offensive physical contacts.

64. Accordingly, defendants are liable to plaintiffs under New York State law for assault.

## SEVENTH CLAIM

### (BATTERY)

65. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

66. Among other things as described above, defendants' search and seizure, false arrest, and unreasonable use of force against plaintiffs were illegal physical contacts.

67. Accordingly, defendants are liable to plaintiffs under New York State law for battery.

## EIGHT CLAIM

### (FAILURE TO INTERVENE)

68. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

69. The individual defendants had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights, but they failed to intervene.

70. Accordingly, the individual defendants are liable to plaintiffs for failing to intervene to prevent the violation of plaintiffs' constitutional rights under 42 U.S.C. § 1983.

## NINTH CLAIM

### (MONELL CLAIM)

71. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

72. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

73. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiffs: (1) unlawfully

stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully stopping, searching and arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; and (5) fabricating evidence against innocent persons.

74. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

75. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

76. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

77. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

78. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

79. The existence of the aforesaid unconstitutional customs and polices of profiling minorities, may be inferred by the August 12, 2013 decision in *Floyd, et al. v. City of New York, et al.*, 08-cv-1034-SAS, finding that the NYPD had violated the rights of thousands of citizens with respect to the application of its "Stop and Frisk" policy.

80. The City's failure to act resulted in the violation of plaintiffs' constitutional rights as described herein.

## TENTH CLAIM
### (RESPONDEAT SUPERIOR)

81. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

82. The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiffs, including falsely arresting, assaulting, and battering plaintiffs.

83. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

    d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    Brooklyn, New York
              September 25, 2015

                      ANDREW S. RENDEIRO, ESQ.
                      *Attorney for Plaintiffs*
                      Flamhaft Levy Hirsch & Rendeiro LLP
                      16 Court Street, Suite 3301
                      Brooklyn, New York 11241
                      (718) 237-1900
                      asrendeiro@yahoo.com
                      By:

                      ___s/_____
                      ANDREW S. RENDEIRO


                      MICHAEL O. HUESTON, ESQ.
                      *Attorney for Plaintiffs*
                      16 Court Street, Suite 3301
                      Brooklyn, New York 11241
                      (718) 246-2900
                      mhueston@nyc.rr.com